## JACKSON v FORD

Ohio Appeals, 2nd Dist, Fayette Co

No 227. Decided April 16, 1936

W. S. Paxson, Washington Court House, for appellant.

E. L. Bush, Washington Court House, for appellee.

## OPINION

By HORNBECK, J.

This was a replevin action, originally instituted by the appellant, Jackson, against the appellee, Ford, to recover certificate

No. 10, representative of seventy-three shares of the capital stock of the J. E. Johnson Motor Company of Blanchester, Ohio.

The return of the sheriff on the writ of replevin showed that he was unable to take the stock and thereupon the action proceeded as for damages under the statute. When the cause came on for trial the jury was waived and the cause was tried to a judge of the Court of Common Pleas, who found for Ford and entered judgment in accordance with the finding. From this judgment error was prosecuted to this court which upon review was reversed and judgment entered for Jackson in the sum of his damages and the cause was remanded to the Common Pleas Court to assess and fix the amount of damages to which Jackson was entitled. Upon the second trial testimony was taken touching the amount of Jackson's damages and the trial judge to whom the question was presented fixed the damages at a nominal sum only from this action error is prosecuted.

We need not state in detail the facts out of which the controversy arose because they may be found in the former case, which is reported under the title of **Jackson v Ford, 18 Abs 515.**

In our opinion in the former review we said:

"Jackson should recover damages of the value of Hitchcock's interest as pledgee of the stock of the Johnson Motor Company, represented by certificate No. 10, to a sum not in excess of the amount due on his $2500.00 note."

The editor of the Abstract carried the following headnote under syllabus No. 1:

"A pledgee of a certificate of stock who delivers it to the pledgor on his express promise to take it to the owner for sale, secure the amount of his debt, retain the money and apply it to his note, and for that purpose only, is entitled to recover the amount of the note for which it was pledged as collateral, from the third party to whom his debtor fraudulently pledged the certificates as security for an antecedent debt."

The proposition herein set forth is, of course, too broad. This cause originated in replevin and at all times retained this legal character. When the specific property sought to be recovered was not taken, then the action by force of the statute proceeded as one for damages only, and the plaintiff was entitled to such damages as are right and proper. We had no purpose, nor would we have any power to fix any measure of damage other than or different from that set out in the statute. Then, when the case went back for re-trial it proceeded as it would have originally, had the question of damages been reached, and the measure of damage was that prescribed by the statute. It seems obvious that in no event could the damage of Jackson be measured by the amount of Hitchcock's note to Jackson, which the collateral was given to secure, but was to be measured by the value of the collateral pledged, not to exceed the amount of the note which Jackson held.

Judge Bell, who re-tried the case, properly construed our opinion and gave careful consideration, not to the market value of the pledged stock but to its peculiar value to Jackson under the pledge from Hitchcock. This became a factual question for determination and in reading Judge Bell's opinion we are satisfied that he has analyzed properly the measure of damages to Jackson and is correct in fixing them as nominal.

The basis of the claim of error of the appellant is that the pledged stock was of the value of $2500.00 because Ernest Ellis, in a talk with Mr. Jackson, had said that though he did not want to buy the stock he would buy it and "pay $2500.00 for it rather than see the J. E. Johnson Motor Company close their doors."

It fairly appears that the pledged stock, at the time of its appropriation, was of no market value and it also appears that the trial court could find ample support for the conclusion that the offer of Ellis to purchase the stock was based upon a condition precedent, which condition upon investigation may not have been supported and further that it does not appear that Jackson was of the mind to sell the stock, though Ellis was willing to pay $2500.00 for it. The offer was not unconditional, nor would it have been accepted had it been unconditional. Its peculiar value to Jackson must be measured by this proposed transaction between Ellis and Jackson and by it alone. It does not seem to afford sufficient proof upon which to base a definite value of the stock.

We have read the opinion of Judge Bell and are in accord, both with the conclusion therein reached and the reasons therefor, and we adopt it as a part of our opinion.

Judgment will, therefore, be affirmed.

BARNES, PJ, and BODEY, J, concur.